# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Norfolk Division

FILED
MAY 10 2013
CLERK, US DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA

v.

NATHAN ALLEN DUNN

Defendant.

Case Number:  2:12cr78-001

USM Number:  29835-001

Defendant's Attorney:  Jeffrey Everhart

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts 16 and 65 of the Indictment.

Accordingly, the defendant is adjudged guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| T. 18, USC Section 1343 and 2 | Wire Fraud | Felony | May 11, 2011 | 16 |
| T. 18, USC Sections 201(b)(2)(B), 3237(a) and 2 | Public Official Accepting a Bribe | Felony | December 29, 2010 | 65 |

On motion of the United States, the Court has dismissed the remaining counts in the indictment as to defendant NATHAN ALLEN DUNN.

As pronounced on May 8, 2013, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this 10th day of May, 2013.

/s/ _____
Mark S. Davis
United States District Judge

Case Number: 2:12cr78-001
Defendant's Name: DUNN, NATHAN ALLEN

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **EIGHTY-SEVEN (87) MONTHS**. This term of imprisonment consists of a term of EIGHTY-SEVEN (87) MONTHS on Count 16 and a term of EIGHTY-SEVEN (87) MONTHS on Count 65, all to be served concurrently.

The Court makes the following recommendations to the Bureau of Prisons:

1) The defendant shall be incarcerated in a facility as close to the Alabama area as possible.

2) The defendant shall participate in the Residential Drug and Alcohol Program ("RDAP"), when and if defendant qualifies.

The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows: _____

_____

Defendant delivered on _____ to_____

at_____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case Number:        2:12cr78-001
Defendant's Name:   DUNN, NATHAN ALLEN

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS**. This term consists of a term of THREE (3) YEARS on Count 16 and a term of THREE (3) YEARS on Count 65, all to run concurrently.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case Number: 2:12cr78-001
Defendant's Name: DUNN, NATHAN ALLEN

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with partial costs to be paid by the defendant, all as directed by the probation officer.

2) The defendant shall pay for the support of his children in the amount ordered by any social service agency or court of competent jurisdiction. In the absence of any such order, payments are to be made on a schedule to be determined by the court at the inception of supervision, based on defendant's financial circumstances.

3) The defendant shall apply monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation; or in a lesser amount to be determined by the Court upon the recommendation of the probation officer.

4) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

5) The defendant shall provide the probation officer access to any requested financial information.

| | |
|---|---|
| Case Number: | 2:12cr78-001 |
| Defendant's Name: | DUNN, NATHAN ALLEN |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | Count | Assessment | Fine | Restitution |
|---|---|---|---|---|
| | 16 | $100.00 | $0.00 | $779,549.85 |
| | 65 | $100.00 | $0.00 | $0.00 |
| TOTALS: | | $200.00 | $0.00 | $779,549.85 |

# FINES

No fines have been imposed in this case.

# RESTITUTION

**SEE RESTITUTION ORDER ENTERED AND FILED IN OPEN COURT ON MAY 8, 2013.**

The Court determined that the defendant does not have the ability to pay interest and it is ordered that:
the interest requirement is waived for the restitution balance as long as the defendant makes timely payments in accordance with the payment schedule, or any modified payment schedule, established by the Court.

The defendant is jointly and severally liable for restitution with the following co-defendant: Huffman Earl Monk, docket no. 2:12cr78-002.

# FORFEITURE

**SEE AMENDED CONSENT ORDER OF FORFEITURE ENTERED AND FILED IN OPEN COURT ON MAY 8, 2013.**

Case Number:          2:12cr78-001
Defendant's Name:     DUNN, NATHAN ALLEN

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The special assessment and restitution shall be due in full immediately.

Any balance remaining unpaid on the special assessment at the inception of supervision, shall be paid by the defendant in installments of not less than $50 per month, until paid in full. Said payments shall commence 60 days after defendant's supervision begins.

Any balance remaining unpaid on the restitution at the inception of supervision, shall be paid by the defendant in installments of not less than $200 per month or 25 percent of net income, until paid in full. Said payments shall commence 60 days after defendant's supervision begins.

Any special assessment may be subject to penalties for default and delinquency.

Since this judgment imposes a period of imprisonment, payment of criminal monetary penalties, including the special assessment, shall be due during the period of imprisonment. All criminal monetary penalty payments, including the special assessment, are to be made to the Clerk, United States District Court, except those payments made through the Bureau of Prisons Inmate Financial Reasonability Program.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.